THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERMAN J. ROCHE, et al.,<br><br>Defendant. | CASE NO. CR12-0237-JCC<br><br>ORDER ON HERMAN ROCHE'S MOTION TO REDUCE |

This matter comes before the Court on Defendant Herman Roche's *pro se* motion[1] to reduce sentence[2] (Dkt. No. 916) and the Government's Response (Dkt. No. 925). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  BACKGROUND

Herman Roche pled guilty to one count of Conspiracy to Distribute Controlled Substances and one count of Conspiracy to Engage in Money Laundering on November 18, 2013. (Dkt. Nos. 637–640.) On March 4, 2014, Mr. Roche was sentenced to 144 months of imprisonment on each count, to serve concurrently, and three (3) years of supervised release.

---

[1] The Court served its Scheduling Order (Dkt. No. 917) on the Federal Public Defender's office, which did not seek appointment for the motion.
[2] On September 11, 2015, the Court directed Mr. Roche to refile his motion as it appeared that pages of it were missing from the docket. (Dkt. No. 926.) The Court did not receive a response to this Order.

ORDER ON HERMAN ROCHE'S MOTION TO
REDUCE
PAGE - 1

(Dkt. No. 751.) The then-applicable guidelines range for Mr. Roche, considering a total offense level of 33, was 210–362 months. (Transcript of Sentencing Hearing, Dkt. No. 849 at 14.) The Court departed downward from the guideline range based on the need to prevent sentencing disparities. (*Id.*)

Mr. Roche now moves the Court to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. (Dkt. No. 916.)

## II. DISCUSSION

### A. Sentencing Reductions in Light of Sentencing Guidelines Amendments

Effective November 1, 2014, Amendment 782 to the United States Sentencing Guidelines lowered the penalties for most drug offenses by reducing the offense levels on the 2D1.1 drug quantity tables by two levels. Courts are to observe a two-step approach in considering sentence reductions in light of an amendment to the sentencing guidelines: (1) first, the court must determine that a reduction is consistent with the policy statements issued by the United States Sentencing Commission,[3] and (2) second, the court shall consider whether the reduction authorized by any guideline amendment is warranted in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Dillon v. U.S.*, 560 U.S. 817, 827 (2010).

Under Amendment 782, a defendant is eligible for a sentencing reduction where Amendment 782 applies and where he or she did not already receive a sentence equal or less than the bottom of the guideline range established by the application of the amendment. *See* 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(3), (b)(2)(A) (2014). A sentence reduction under this process does not constitute a full resentencing; a court may not reconsider other sentencing determinations not altered by the guideline amendment. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(3) (2014). Amendment 782 applies to Mr. Roche's conviction.

---

[3] Typically, the policy statement at issue is contained in the United States Sentencing Manual at § 1B1.10.

However, under the retroactively effective amendments, Mr. Roche's new offense level of 31 results in a guideline range of 168 to 210 months. Courts generally cannot reduce a defendant's term of imprisonment to anything less than the minimum of the of the new guideline range established by an amendment. *Id.* at § 1B1.10(b)(2)(A); *Dillon v. United States*, 560 U.S. 817, 827 (2010). A limited exception to this rule exists, "if the sentencing court originally imposed a term of imprisonment below the Guidelines range . . . § 1B1.10 authorize[s] a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Dillon*, 560 U.S. at 827 (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(B)). This Court departed downward from the then-existing guidelines in imposing its original sentence.

However, the exception that authorizes a sentence "comparably below the guidelines" identified in *Dillon*, despite the curiously broad language chosen by the Supreme Court, only applies where the government moved for a reduction in offender score based on "substantial assistance" at the time of original sentencing. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(B). "Substantial assistance" was not the basis of the Court's downward departure. (Dkt. No. 849.) The Court's hands are tied; any considerations that warranted sentencing Mr. Roche below the original guideline range do not authorize the Court to make a comparable reduction under the new guideline range. As the sentence imposed is already below the minimum of the new guideline range, the Court lacks jurisdiction to reduce Mr. Roche's sentence.

## III.   CONCLUSION

For the foregoing reasons, Defendant Roche's motion to reduce sentence (Dkt. No. 916) is DENIED.

//

//

//

//

1     DATED this 16 day of October 2015.

 

                                                *[signature]*

                                                John C. Coughenour
                                                UNITED STATES DISTRICT JUDGE