THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>HERMAN J. ROCHE,<br><br>　　　　　　　Defendant. | CASE NO. CR12-0237-JCC-1<br><br>ORDER |

　　　This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 1344). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

　　　In March 2014, the Court sentenced Defendant to 144 months' imprisonment and three years of supervised release for conspiracy to distribute controlled substances. (*See* Dkt. No. 751.) After serving approximately eight years of his twelve-year sentence, Defendant moved for compassionate release, citing his health issues and vulnerability to COVID-19. (Dkt. No. 1206.) The Court granted the motion and, in doing so, reduced Defendant's sentence to time served, imposed an additional term of supervised release commensurate with the otherwise remaining term of imprisonment, and maintained the previously-imposed additional three year-period of supervision. (Dkt. No. 1228 at 8.)

　　　Defendant's term of supervision is set to expire in January 2026. (Dkt. No. 1346 at 2.) He

now asks the Court to terminate supervised release approximately two years early, citing a desire to "remain a reliable presence in the life of his daughter when she heads off to college in the fall." (Dkt. No. 1344 at 2.) Both the U.S. Probation Department and the Government object to early termination. (*See* Dkt. Nos. 1345, 1346.)

The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

Although Defendant's recent performance on supervision is commendable, several considerations weigh against early termination. Notwithstanding the seriousness of Defendant's offense,[1] the Court previously granted compassionate release which, in effect, allowed Defendant to avoid serving the last two years of his custodial term. (*See* Dkt. No. 1228.) This, in and of itself, was a tremendous and rare opportunity. Anything more would not be consistent with the governing law or the Court's better judgment—nor does the Court wish to contribute to disparity among similarly situated defendants. Furthermore, Defendant's recent contact with his co-defendant, Ruchell Gilbert, is concerning. (*See* Dkt. No. 1345 at 5–6.)

For the foregoing reasons, amongst others, Defendant's motion for early termination of supervised release (Dkt. No. 1344) is DENIED.

//

//

---

[1] Defendant was the leader of a large drug conspiracy involving numerous members of his family. (Dkt. No. 1345 at 2.)

DATED this 24th day of January 2024.

*John C. Coughenour*
UNITED STATES DISTRICT JUDGE